NO. 07-11-00013-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 26, 2012

_____

ESTEBAN HUERTA FLOREZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 21,873-C; HONORABLE ANA ESTEVEZ, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Esteban Huerta Florez appeals from his jury conviction for the offense of aggravated assault with a deadly weapon[1] and the resulting twenty-year sentence and $10,000 fine. Through one issue, appellant contends the trial court should have granted his request for a new trial, or at least a hearing, when the complaining witness admitted to testifying inaccurately at trial. We will affirm.

_____

[1] Tex. Penal Code Ann. § 22.02 (West 2011).

## Background

The complaining witness was appellant's girlfriend. After a night out at local bars, the couple argued, then fought. She testified that when the couple arrived home, appellant took her into the bathroom and held her down and choked her. She fought appellant, left the house and called 9-1-1 from a neighbor's home. She returned home after seeing appellant drive away. She testified appellant then returned to the home and threatened her with a knife. On cross-examination she acknowledged that she gave appellant's investigator a different account of events because she did not want appellant to get into trouble.

Two Amarillo police officers testified they saw appellant, through partially open living room blinds, holding the victim down with his left arm across her chest, displaying a knife in his right hand. Appellant still had the knife when officers forcibly entered the house and did not drop it until threatened with a taser. Appellant also had a "box knife" in his right front pocket. A physician testified to the victim's injuries, which included a broken nose and bite marks on both hands.

Appellant was convicted as indicted and punishment was assessed as noted, on December 14, 2010. The victim later provided appellant's appellate counsel an affidavit in which she swore she testified inaccurately at trial. She stated she was very intoxicated that night and she now believed "that I grabbed a knife after [appellant] left the house to protect myself from [him] if he returned. When he did return, I brandished the knife and [appellant] struggled with me and took the knife to prevent anyone being harmed …I cannot be completely sure as my memory of that night is very limited, but I

2

do not believe [appellant] threatened me with the knife." This affidavit was attached to appellant's motion for new trial filed January 31, 2011. The trial court heard appellant's motion on February 28, 2011. At the conclusion of the hearing, the trial court denied the motion. Appellant appeals that ruling.

Analysis

Through one issue, appellant contends the trial court erred in denying his motion for new trial without an evidentiary hearing[2] based on the newly discovered evidence that the victim in the case testified inaccurately at trial. The State argues appellant's motion for new trial was untimely, and therefore the trial court had no jurisdiction to rule on it.

To be timely, a motion for new trial in a criminal case must be filed no later than thirty days after the day sentence is imposed or suspended in open court. Tex. R. App. P. 21.4(a); *Drew v. State,* 743 S.W.2d 207, 222-23 (Tex.Crim.App. 1987). This includes motions for new trial based on newly discovered evidence. *Drew,* 743 S.W.2d at 222-23. Here, sentence was imposed on December 14, 2010 but the motion for new trial was not filed until January 31, 2011. Because appellant filed his motion for new trial more than thirty days after sentence was imposed, the motion was untimely and we agree with the State the trial court had no jurisdiction to consider the motion. Tex. R. App. P. 21.4(a); *Drew,* 743 S.W.2d at 222-23; *Beathard v. State,* 767 S.W.2d 423, 433

---

[2] Appellant's brief cites a docket sheet notation stating counsel for the State and for appellant appeared and argued the new trial motion on February 28, and that the motion was denied. Appellant then argues in his brief that he should have a "full hearing," which we interpret to mean an evidentiary hearing.

(Tex.Crim.App. 1989); *Perez v. State,* 261 S.W.3d 760, 771 (Tex.App.—Houston [14th Dist.] 2008, pet. ref'd) (collecting cases).

For that reason we resolve appellant's sole issue against him and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.